## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF : 

JOSE VARGAS DE LEON : CASE NO. 05-03639(SEK)
LUZ RODRIGUEZ MERCED

                    : CHAPTER 11 **FILED & ENTERED**

     DEBTORS :

-------------------------------- :

JUN 22 2006

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

### OPINION AND ORDER

Debtors request reconsideration of our order dismissing this case pursuant to 11 U.S.C. § 1112(b)(4). We deny this request for the reasons that follow.

### Background

Debtors, while married, filed this bankruptcy petition under Chapter 11 on April 21, 2005. Debtors answered our order to show cause by filing their disclosure statement. Here, for the first time, they revealed they were divorced post bankruptcy, and the divorce decree distributed marital assets and liabilities under the purview of this court. We asked Debtors if this meant they wanted a voluntary dismissal, granting them thirty days to reply and rescheduling the disclosure hearing for February 9, 2006.

At the continued hearing, Debtors' attorney stated a voluntary dismissal would not be necessary as they would seek to amend the divorce decree *nunc pro tunc*, vacating that portion of the judgment providing for the distribution of assets and liabilities under the jurisdiction of the Court. Certain other supplemental information was required, and Debtors agreed to file these within fifteen days. Debtors did not supplement the financial information, and we enforced our outstanding order to show cause by dismissing the case



2

on March 16, 2006.

Debtors ask us to reconsider the dismissal for several reasons. First, the untimely filing of operating reports occurred because they did not receive the bank statements on time. Even so, by the time we dismissed the case, Debtors had already filed Operating Reports for December, January and February. Second, with respect to the financial statements of Debtors' wholly owned corporation, these were being revised by the accountant who was ordered to provide a timetable for filing these revisions. Finally, the Insular Court had not yet ruled on their pending motion to amend the divorce decree. A copy of their motion was submitted with their request for reconsideration.

## Discussion

It is well settled in this circuit that "a motion which asked the court to modify its earlier disposition of a case because of an allegedly erroneous legal result, filed not later than 10 days from entry of judgment, will be deemed a motion to alter or amend under F.R.C.P. 59(e)." *Appeal of Sun Pipe Line Company*, 831 F.2d 22, 24 (1st Cir. 1987); *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821 (1988); *López v. Corporación Azucarera de Puerto Rico*, 938 F.2d 1510, 1513-1514 (1st Cir. 1991); *Feinstein v. Moses*, 951 F.2d 16, 19 n.3 (1st Cir. 1991). Our order dismissing case was entered on March 16, 2006. Debtors filed their motion challenging the dismissal the following day. Thus, Debtors' motion is governed by F.R.C.P. 59(a) and (e).

To meet the threshold requirements of a successful Rule 59(e)

3

motion, the motion "must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision". *In the matter of Pabón Rodríguez*, 233 B.R. 212, 219 (Bankr. P.R. 1999)(citations omitted). Here, Debtors have failed to show reasons that would persuade us to reverse our order of dismissal.

Debtor and his spouse filed for divorce based on mutual consent in the Insular Court, while under the protection of this Court. Divorce by mutual consent requires a stipulation to dispose of the spouse's mutual assets and liabilities held by their conjugal partnership which is being dissolved. *Figueroa Ferrer v. E.L.A.*, 107 D.P.R. 250 (1978); 107 Offic. Trans. of the Supreme Court of P.R. 278. Here, the spouses assets and liabilities are those held by their conjugal partnership and these were under the exclusive jurisdiction of this Court when the divorce decree was entered. *Campolieto v. Anaya*, 142 D.P.R. 582, 593-594 (1998). Debtors overlooked this fact, filing the required stipulation together with their motion seeking a divorce. The Insular Court granted the decree, incorporating the mentioned stipulation. Therefore, the stipulation contained in the divorce decree is null and void.

Debtors proposed to cure the problem by filing a motion to amend the divorce decree, "leaving without effect the part that deals with the adjudication of the partnership's assets and liabilities, given that the Bankruptcy Court has preemption and the

4

same will be adjudicated and/or liquidated as part of a reorganization plan under Bankruptcy Law".[1] However, applicable nonbankruptcy law governing the divorce petition by mutual consent does not provide for a divorce without dividing the spouse's mutual assets and liabilities held by their conjugal partnership.[2] Hence, it is highly unlikely that the Insular Court would be able to amend the divorce decree under these circumstances.[3] Debtors have not proffered alternative solutions to the problem. This situation, prevents Debtors from proposing a plan that could be confirmed without further delay.

WHEREFORE, we deny Debtors' motion for reconsideration.

**SO ORDERED**, in San Juan, Puerto Rico, on June 22, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge

---

[1] Our translation. See exhibit 3 in d.e. # 81.

[2] "... [N]o petition for divorce shall be accepted under the foregoing principles unless the parties annex the corresponding stipulations regarding the division of their property, the support of the parties and other consequences of divorce." *Figueroa Ferrer v. E.L.A.*, 107 Offic. Trans. of the Supreme Court of P.R. 278, 302.

[3] While we could annul the automatic stay thereby validating the divorce decree, then we would have a single petition filed by individuals that are no longer married. Debtors have not suggested a solution for this situation not allowed by the Code.